MEMORANDUM *
Frank Taylor appeals from the Commissioner’s denial of disability benefits, arguing that the administrative law judge (“ALJ”) effectively rejected the opinion of his treating physician without giving any reasons for the rejection. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
Dr. Bennett Goss, Taylor’s treating physician, opined that Taylor could not sustain work “requiring him to be on his feet for any significant length of time.” To the extent this opinion was unclear, the ALJ had a duty to ask the doctor for clarification. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991). The ALJ’s finding at step four that Taylor could stand and walk for two to four hours of an eight hour workday; his description of Dr. Goss’s opinion as consistent with a physical capacity assessment finding that Taylor could stand for up to two hours and walk for up to four hours; and his acceptance of the vocational expert’s testimony that Taylor could perform two jobs that require walking four hours are not, without further clarification, a “rational interpretation” of Dr. Goss’s opinion. Batson v. Comm’r, 359 F.3d 1190, 1193 (9th Cir.2004). The ALJ’s denial was therefore not based on substantial evidence. See id.
We reverse and remand for the ALJ to reevaluate Dr. Goss’s opinion, including obtaining clarification from Dr. Goss as appropriate, and to reconsider his disabili *844 ty determination in light thereof. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir.2004).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.